IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-160-FL

| | | |
|---|---|---|
| PATRICIA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE #15, 17) and defendant's timely objections to the memorandum and recommendation ("M&R") entered by United States Magistrate Judge Robert B. Jones, Jr. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R of the magistrate judge and remands this matter for further proceedings.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income payments on February 5, 2004, alleging a disability onset date of August 18, 2003, due to rectal cancer. Both claims were denied initially and again upon reconsideration, and a request for hearing was timely filed.

A hearing was held before Administrative Law Judge ("ALJ") Thomas Mancuso on August 17, 2005, at which plaintiff was represented by counsel and a vocational expert ("VE") appeared and testified. On October 6, 2005, the ALJ issued a decision denying plaintiff's claims. The Appeals

Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff alleges the following errors by the ALJ: (1) failure to properly evaluate plaintiff's rectal cancer; (2) improper assessment of plaintiff's credibility; (3) inconsistent residual functional capacity ("RFC") findings; (4) failure to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT") in violation of Social Security Ruling ("SSR") 00-4p; and (5) failure to evaluate plaintiff's obesity.

Through M&R entered May 23, 2008, the magistrate judge found that (1) the ALJ properly evaluated plaintiff's rectal cancer; (2) the ALJ properly evaluated plaintiff's credibility; (3) substantial evidence supports the ALJ's RFC finding; and (4) the ALJ did not fail to consider the effects of plaintiff's obesity in determining plaintiff's RFC. The magistrate judge found, however, that the ALJ's finding at step five of the sequential evaluation process was not supported by substantial evidence. Accordingly, the magistrate judge recommends that this court grant plaintiff's motion for judgment on the pleadings, deny defendant's motion, and remand the case to the Commissioner for further proceedings. Defendant timely objected to the M&R. (DE #20.) Plaintiff did not respond.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See

2

Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

No objections are made to the magistrate judge's findings that the ALJ properly considered and evaluated plaintiff's rectal cancer, credibility, and obesity, and that substantial evidence supports the ALJ's RFC finding. Accordingly, upon a considered review, the court hereby ADOPTS those portions of the M&R as its own.

Where, as here, a claimant's RFC prevents her from performing her past relevant work, the burden shifts to the defendant at step five of the sequential evaluation process to show that other work exists in significant numbers in the national economy that the claimant can perform, given the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a), 404.1560(c), 416.960(c); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). As noted above, the magistrate judge found that defendant's finding at step five is not supported by substantial evidence, because (1) the ALJ based the decision not to rely on the Medical-Vocational Guidelines listed in 20 C.F.R. § 404, Subpart P, Appendix 2 ("the Grids") on a contradictory finding; and (2) the

ALJ failed to resolve conflicts between the VE's testimony and the DOT. Defendant objects to the magistrate judge's recommendation that the case be remanded for further proceedings on this issue.

The ALJ found that plaintiff retained the RFC to perform a full range of sedentary, unskilled work with no additional limitations. No objection is made to the magistrate judge's finding that there is no inconsistency in this properly-supported RFC determination. Based on the ALJ's RFC determination, the ALJ was entitled to carry his burden at step five without relying on a VE, but rather through a reasoned application of the Grids. See Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1984) (explaining that when an ALJ concludes that a claimant can perform substantially all of the work within a given exertional level, the ALJ need not call a VE to testify and may rely on the Grids in determining a claimant's disability status). At step five, however, the ALJ stated that he is unable to rely on the Grids to direct a conclusion of "disabled" or "not disabled" because plaintiff does not have the RFC to perform the full range of sedentary work, due to plaintiff's "additional limitations." (R. at 21-22.) This statement directly contradicts the ALJ's RFC determination, and the ALJ failed to identify the additional limitations or to what extent they impair plaintiff's RFC.

The magistrate judge also found that the ALJ failed to resolve conflicts between the VE's testimony and the DOT in reaching the conclusion of "not disabled" at step five. "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR No. 00-4p, 2000 WL 1898704, *2 (2000). Defendant does not contest the magistrate judge's findings as to this issue, and the court adopts them upon considered review. Instead, defendant argues that any errors regarding the ALJ's treatment of the VE's testimony amount only to harmless error, since the ALJ was entitled

4

to carry his step five burden by applying the Grids, which would have directed a finding of "not disabled."

Although the ALJ was not required to rely only on the Grids at step five[1], the magistrate judge found, and this court agrees, that the ALJ's reasoning for not doing so – that plaintiff is unable to perform the full range of sedentary work due to additional limitations – is erroneous, as it contradicts the ALJ's well-supported RFC determination. Because of this contradictory finding and the ALJ's failure to resolve the conflicts between the VE's testimony and the DOT, this court can not find that substantial evidence supports the ALJ's finding at step five of the sequential evaluation process. Moreover, even where, as here, a claimant can perform the full range of work at an exertional level and reliance on the Grids is appropriate, the ALJ still has the burden of sufficiently explaining his findings. The ALJ failed to meet this burden.

## CONCLUSION

After careful review and consideration of the record in this case, and for the foregoing reasons, the court ADOPTS the M&R issued by the magistrate judge. Plaintiff's motion for judgment on the pleadings is GRANTED and the case will be REMANDED for further proceedings not inconsistent with this order. Accordingly, defendant's motion for judgment on the pleadings is DENIED. The clerk is directed to close the case.

SO ORDERED, this the 6th day of January, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] The Social Security Act provides several means by which the ALJ can demonstrate the existence of jobs in the national economy. See 20 C.F.R. §§ 404.1566(e), 404.1569a(b), 416.966(e), 416.969a(b).

5